IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES KEEL     PETITIONER

v.     No. 3:19CV125-GHD-RP

WARDEN JOSH DAVIS, ET AL.     RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Keel for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

James Keel pled guilty to conspiracy to sell methamphetamine (Count I) and the sale of methamphetamine (Count II) in the Circuit Court of Yalobusha County, Mississippi. *See* Exhibit A[1] (Plea Petition). Keel was sentenced on May 1, 2017, to serve a term of twenty (20) years on Count II in the custody of the Mississippi Department of Corrections (MDOC), with a consecutive sentence of ten (10) years on post-release supervision imposed in Count I. *See* Exhibit B (Sentencing Order);[2] *see also* Exhibit C (Transcript of Plea and Sentencing). By statute, there is no direct appeal from a guilty

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's Motion to Dismiss.

[2] Counts III and IV of the indictment were *nolle prossed* in exchange for Keel's plea. *See* Exhibit B.

plea. *See* Miss. Code Ann. § 99-35-101. Mr. Keel admits,[3] and the Yalobusha County Circuit Court confirmed, that Keel did not file any motions for post-conviction relief challenging the plea and resulting sentences.[4]

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] *See* ECF Doc. 1, p. 13 (where petitioner notes that he filed a federal *habeas corpus* petition, rather than seeking state post-conviction relief).

[4] The docket of the Yalobusha County Circuit Court in Keel's criminal case reflects several motions filed by Keel *regarding the computation of his sentence. See* Exhibit D. These motions involved Keel's attempts to obtain pretrial jail credit, to have the trial court send its order to MDOC, to correct sentence computation, or to clarify the start date of Keel's sentence and were discussed at length during Keel's previous federal *habeas corpus* petition in Cause No. 3:18-CV-227-MPM-DAS. The court denied that petition on the merits and, alternatively, dismissed it as procedurally defaulted. *See* ECF Docs. 10, 15 and 16 in Cause No. 3:18-CV-227-MPM-DAS. As those state pleadings did not seek judicial review of the judgment against Keel or provide an opportunity for the state court to order relief from the judgment, those motions did not toll the limitations period under 28 U.S.C. § 2244(d). *See Wall v. Kholi*, 131 S.Ct. 1278, 1285-86 (2011).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

James Keel's convictions became final on May 1, 2017, the date he was sentenced on his plea. His federal *habeas corpus* deadline then became May 1, 2018 (May 1, 2017 + 1 year). Mr. Keel did not "properly file" an application for state post-conviction collateral relief regarding his plea and sentences for conspiracy to sell methamphetamine and the sale of methamphetamine on or before May 1, 2018, to toll the period of limitation. Thus, he did not enjoy statutory tolling of the limitations period, and his federal *habeas corpus* deadline remained May 1, 2018. *See Roberts, supra; Flanagan, supra; Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Neither may Mr. Keel use equitable tolling to render his petition timely. He did not state any legal basis in paragraph 18 of the instant petition to warrant statutory or equitable tolling of the limitations period. ECF Doc. 1, pp. 13-14. He merely stated that he had previously filed a *habeas corpus* petition and was "under the impression petitioner can file only one petition at a time." *Id.* This argument cannot render the instant petition timely. A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented timely filing. *See Holland v. Florida*, 560 U.S. 631 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 218 (2005)); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). In addition,

equitable tolling is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Davis*, 158 F.3d at 811.

Mr. Keel's contention does not come close to a "rare and exceptional circumstance" sufficient to invoke equitable tolling. *See Fisher*, 174 F.3d at 713 (ignorance of law or limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing); *see also Felder v. Johnson*, 204 F.3d 168, 170-72 (5th Cir. 2000) (neither proceeding *pro se*, inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999) (a petitioner's unfamiliarity with the legal process does not warrant equitable tolling).

Further, Mr. Keel has not shown that he diligently pursued his federal claims. "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *see also Scott*, 227 F.3d at 262; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Mr. Keel pled guilty in May 2017, yet, as of the filing of the State's motion, he had not filed a motion for post-conviction relief challenging his convictions and sentences in state court. In addition, he waited over two years after his plea to file the instant petition. As such, Mr. Keel was not diligent in pursuing relief and, as a result, cannot enjoy equitable tolling of the federal *habeas corpus* limitations period. *See Melancon*, 259 F.3d at 408 (where court found that four-month delay in filing petition after ruling in state court was not "expedient" to warrant equitable tolling). "[E]quity is not intended for those who sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the

district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Mr. Keel did not sign his petition, but the priority mail envelope reflects a mailing date of May 22, 2019. The petition was stamped "Filed" in this court on June 11, 2019. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over a year after the May 1, 2018, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of September, 2020.

/s/ Glen H. Davidson
SENIOR UNITED STATES DISTRICT JUDGE